IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT PAYNE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 10-1676 |
| | ) |
| KEN CAMERON, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY, | ) ) ) ) ) ) |
| Respondents. | |

## **MEMORANDUM OPINION**

**I.     Introduction**.

Petitioner Robert Payne filed a timely *pro se* Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (doc. no. 1) seeking relief from a 2006 conviction and sentence of 16 to 40 years, in the aggregate, on related charges of rape of a child, involuntary deviate sexual intercourse, indecent assault and statutory sexual assault following a jury trial in the Court of Common Pleas of Allegheny County, Pennsylvania. The evidence presented at trial established that Petitioner, then a City of Pittsburgh Police Officer, was involved in a romantic relationship with Rhonda Reese. After about a month of dating, Reese moved into Petitioner's home with her then-11-year-old daughter, Andrea, whom she often left in Payne's care. On one of these occasions, Petitioner touched Andrea's buttocks on top of her clothing. Andrea testified that the events progressed to include multiple instances of touching, oral and vaginal intercourse.

After careful review of the habeas petition and supplements thereto, the Commonwealth of Pennsylvania's response, and the state court records, including the opinions of the Court of

Common Pleas and of the Pennsylvania Superior Court denying Payne's petition for relief under Pennsylvania's Post Conviction Relief Act, and applying the deferential standard of review required under AEDPA, this Court must deny the section 2254 petition for habeas relief and decline to issue a certificate of appealability.

II.     **Procedural Background.**

On July 12-17, 2006, Petitioner appeared before the Honorable Donna Jo McDaniel for a jury trial, represented by David Shrager, Esquire. At the close of trial, Petitioner was convicted on all counts and, on October 26, 2006, appeared before Judge McDaniel for sentencing, where he was sentenced as follows:

> Count 1, rape of a child: a term of incarceration of not less than 8, nor more than 20 years;
>
> Count 2, IDSI: a term of incarceration of not less than 8, nor more than 20 years, to be served consecutive to the sentence imposed at Count 1;
>
> Counts 3 and 4, aggravated indecent assault: a term of incarceration of not less than 2 ½ years, nor more than 5 years, to be served concurrent to the other sentences imposed.

Trial counsel initially filed a notice of appeal to the Pennsylvania Superior Court on December 22, 2006, but at Petitioner's direction, he withdrew the appeal and withdrew as counsel so that Petitioner could file a petition for post-conviction collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541--9546, raising claims of trial counsel's ineffectiveness. On November 26, 2007, Petitioner, through Erika Kreisman, Esquire, filed a petition for post-conviction collateral relief under the PCRA.

PCRA counsel filed addenda and a supplement to the PCRA petition, and a motion for discovery of psychiatric records. On April 30, 2009, the PCRA court issued an order giving notice of its intent to dismiss Petitioner's PCRA petition. On June 8, 2009, Petitioner filed, *pro se*, a petition requesting a *Grazier* hearing so that Petitioner may waive his right to counsel on

3

the record, and proceed with his PCRA proceeding *pro se*.[1] On June 24, 2009, Attorney Kreisman filed a motion to withdraw, requesting that the PCRA court appoint Petitioner new counsel or allow him to proceed *pro se*, as he requested, and on July 27, 2009, Petitioner appeared before Judge McDaniel for the *Grazier* hearing at which he waived his right to counsel and was granted leave to continue with his PCRA petition and all subsequent appeals *pro se*.

On July 27, 2009, Petitioner filed a *pro se* supplement to his PCRA petition with an additional claim of ineffectiveness of trial counsel and a response to the court's notice of intent to dismiss Petitioner's PCRA petition. On July 31, 2009, the PCRA court issued an order dismissing Petitioner's PCRA petition, finding his claims of ineffective assistance of counsel to be without merit. Petitioner appealed, and on October 1, 2009, the PCRA court issued an opinion in response to Petitioner's concise statement of matters complained of on appeal. Commonwealth's Answer to Petition for Writ of Habeas Corpus, Exhibit 20, (doc. no. 11-02, pp. 42-51).

The Pennsylvania Superior Court affirmed Judge McDaniel in a unanimous Memorandum Opinion filed on September 13, 2010. Commonwealth's Answer to Petition for Writ of Habeas Corpus, Appendix, Exhibit 20, (doc. no. 11-05, pp. 23-34). In his *pro se* Brief for Appellant in the Pennsylvania Superior Court, Petitioner raised, *inter alia*, the following claims which he now makes in his section 2254 petition:

1. The PCRA Court erred in concluding trial counsel's failure to move for a judgment of acquittal on the basis that the Commonwealth did not prove that the offenses occurred on October 29, 2003, did not deprive Petitioner of the effective assistance of counsel because the underlying issue was frivolous.

---

[1] *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998) (trial court must determine if decision to proceed *pro se* is knowing, intelligent, and voluntary).

2. The PCRA Court erred in concluding trial counsel's failure to impeach Rhonda Reese with a prior *crimen falsi* conviction for making false reports to law enforcement did not deprive Petitioner of the effective assistance of counsel as the prior *crimen falsi* conviction was too old to be admissible under the Pennsylvania Rules of Evidence.

3. The PCRA court erred in concluding trial counsel's failure to object and request a mistrial when the Commonwealth's expert testified that "in general, children don't disclose abuse, as a general rule for several months after the abuse has occurred," did not deprive Petitioner of the effective assistance of counsel where the expert was explaining why there was no physical evidence and did not improperly bolster the child victim's credibility.

4. The PCRA court erred in concluding trial counsel's failure to object to the prosecutor impeaching a Commonwealth witness (the child victim, Angela Payne) with an alleged prior inconsistent statement that was not signed or adopted by the witness, did not deprive Petitioner of the effective assistance of counsel as there is no requirement under the Pennsylvania Rules of Evidence that prior inconsistent statements used to impeach be signed or adopted.

In its Memorandum Opinion, the Pennsylvania Superior Court affirmed the decision of the Court of Common Pleas of Allegheny County, and Petitioner timely filed this petition for relief under section 2254.

### III. Standard of Review.

#### A. AEDPA Standards for Reviewing State Court Adjudications.

Payne's petition is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). Under this statute, habeas relief is only available on the grounds that Payne's convictions were obtained in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). Errors of state law are not cognizable. See, e.g., Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)); Real v. Shannon, 600 F.3d 302, 309-10 (3d Cir. 2010) ("A federal court may re-examine a state court's interpretation of its own law only where this interpretation appears to be an obvious subterfuge to evade consideration of a federal issue.").

Thus, federal law requires this Court to defer to a state court's application of its own rules of evidence. Estelle, 502 U.S. at 67-68 (federal court on habeas review must not review state court rulings on admissibility of evidence under state law); see also Homes v. South Carolina, 547 U.S. 319, 324 (2006) ("'State and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials.'"); Marshall v. Lonberger, 459 U.S. 422, 438 n. 6 (1983) ("[T]he Due Process Clause does not permit the federal courts to engage in a finely-tuned review of the wisdom of state evidentiary rules.").

Consideration of a claim that evidence admitted at trial was obtained in violation of the Constitution cannot be the basis for habeas corpus relief as long as the state courts had afforded a full and fair opportunity to litigate the claim. Caldwater v. Taylor, 461 U.S. 571, 572 (1983). The admission or exclusion of evidence is within the sound discretion of the trial court, Scales v.

United States, 367 U.S. 203, 256 (1961), and such "discretionary rulings regarding the admissibility of evidence are . . . best left to the province of the trial judge." Yohn v. Love, 76 F.3d 508, 525 (3d Cir. 1996). Moreover, it is well-established that "evidentiary errors of state courts are not considered to be of constitutional proportion, cognizable in federal habeas proceedings, unless the error deprives a defendant of fundamental fairness in his criminal trial." Bisaccia v. Attorney General of State of New Jersey, 623 F.2d 307, 312 (3d Cir.), *cert. denied*, 449 U.S. 1042 (1980) (only when relevant probative evidence is "greatly outweighed" by prejudice to the accused does balancing of probative value against prejudicial effect result in error of constitutional dimensions). See also Crane v. Kentucky, 476 U.S. 683, 689 (1986) (noting the "traditional reluctance to impose constitutional constraints" upon ordinary evidentiary rulings by state trial courts concerning the admissibility of evidence). To constitute a denial of fundamental fairness, the evidence admitted or not admitted "must be material in the sense of a crucial, critical, highly significant factor."); Smith v. Horn, 120 F.3d 400, 414 (3d Cir.1997) (citations omitted), *cert. denied*, 522 U.S. 1109 (1998) ("federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."). See also Snell v. Lockhart, 14 F.3d 1289, 1299 (8th Cir.) (state court's evidentiary ruling denied due process where it was "so 'gross', . . . 'conspicuously prejudicial', . . . or otherwise of such magnitude that it fatally infected the trial and failed to afford petitioner the fundamental fairness which is the essence of due process.") (citation omitted), *cert. denied*, 513 U.S. 960 (1994).

In describing the role of federal habeas proceedings, the U.S. Supreme Court, in Barefoot v. Estelle, 463 U.S. 880, 887 (1983), noted:

> [I]t must be remembered that direct appeal is the primary avenue for review of a conviction or sentence . . . . The role of federal habeas proceedings, while

important in assuring that constitutional rights are observed, is secondary and limited. Federal courts are not forums in which to relitigate state trials.

Several years after the Court made this observation, Congress enacted AEDPA, which "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). It "requires federal courts collaterally reviewing state proceedings to afford considerable deference to state courts' legal and factual determinations." Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004).

As codified at 28 U.S.C. § 2254(d), AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(Emphasis added).

Thus, AEDPA circumscribes a federal court's review of a state prisoner's federal constitutional claim when the state court has adjudicated that claim on the merits. Importantly, review under section 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398-1401 (2011) ("Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so. Provisions like §§ 2254(d)(1) and (e)(2) ensure that '[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.'") (citation omitted). See also

8

Roundtree v. Balicki, 640 F.3d 530, 538 (3d Cir. 2011). As the Court of Appeals for the Third Circuit explained, "[i]n light of Pinholster, district courts cannot conduct evidentiary hearings to supplement the existing state court record under 28 U.S.C. § 2254(d). Otherwise, federal habeas petitioners would be able to circumvent the finality of state court judgments by establishing a new factual record." Brown v. Wenerowicz, __ F.3d __, 2011 WL 6091408, *8 (3d Cir. 2011).

"If a claim has been adjudicated on the merits by a state court, a federal habeas petition[er] must overcome the limitation of § 2254(d)(1) on the record that was before that state court." Id., quoting Pinholster, 131 S.Ct. at 1400 (footnote omitted). For the purposes of a section 2254(d), "a claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that finally resolves the claim based on its substance, not on a procedural, or other, ground." Thomas v. Horn, 570 F.3d 105, 117 (3d Cir. 2009). When the state court has not adjudicated a claim on the merits, AEDPA's standard of review at § 2254(d) does not apply and the federal habeas court's review is *de novo*. Id. at 124.

Because the Pennsylvania Superior Court denied on their merits the ineffective assistance of counsel claims raised herein, this Court's analysis of those claims is governed by AEDPA's standard of review. Thus, it is not for this Court to decide whether the Pennsylvania Superior Court's decision was right or wrong. Rather, this Court has the authority to issue the writ of habeas corpus only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

9

The U.S. Supreme Court recently stressed the "highly deferential" review that the federal courts must accord the state court's decision:

> We have explained that "an unreasonable application of federal law is different from an incorrect application of federal law." Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id., at 411, 120 S.Ct. 1495. Rather, that application must be "objectively unreasonable." Id., at 409, 120 S.Ct. 1495. This distinction creates "a substantially higher threshold" for obtaining relief than *de novo* review. Schriro v. Landrigan, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). AEDPA thus imposes a "highly deferential standard for evaluating state-court rulings," Lindh v. Murphy, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," Woodford v. Visciotti, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam).

Renico v. Lett, __ U.S. __ , 130 S.Ct. 1855, 1862 (2010).

Even more pointedly, the Supreme Court recently elaborated:

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. Cf. Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. Jackson v. Virginia, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 786-87 (2011). See also Wiggins v. Smith, 539 U.S. 510, 521 (2003) (it is not enough for a petitioner to show that the state court's adjudication of any of his claims was an "incorrect or erroneous" application of U.S. Supreme Court

precedent); Waddington v. Sarausad, 555 U.S. 179, 190 (2009) (where it is the state court's application of governing federal law that is challenged, "the state court's decision must be shown to be not only erroneous, but objectively unreasonable.") (internal citations and quotations omitted); Schriro v. Landrigan, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold").

"In determining whether a state court unreasonably applied federal law under 28 U.S.C. § 2254(d)(1), 'a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court].'" Wenerowicz, ___ F.3d ___, 2011 WL6091408, *9 (quoting Harrington, 131 S.Ct. at 786. Thus, the question is "not whether the state court's holding was wrong, but whether it was reasonable," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S.Ct. 786 (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

**B.    Sixth Amendment – Strickland Standards.**

The "clearly established Federal law" for AEDPA purposes in which to analyze Payne's claim of ineffective assistance of trial counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Payne must show that his counsel's representation fell below an objective standard of reasonableness. 466 U.S. at 688. The law presumes that counsel was effective. Id. at 689. Strickland also requires Payne to demonstrate that he was prejudiced by his

counsel's alleged deficient performance. This requires him to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Pennsylvania's standards for weighing the constitutional adequacy of counsel's representation adjudication are not "contrary to" Strickland. In Commonwealth v. Pierce, 527 A.2d 973, 976-77 (Pa. 1987), the Pennsylvania Supreme Court articulated a three-prong test: specifically, a petitioner must show: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Commonwealth v. Kimball, 724 A.2d 326 (Pa. 1999) (Pierce and Strickland standards are equivalent); Jacobs v. Horn, 395 F.3d 92, 106 (3d Cir. 2005) ("We have previously ruled that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to Strickland.") (citing Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000)). Although Pennsylvania courts articulate a three-prong test for gauging ineffective assistance claims and Strickland sets forth its test in two prongs, the legal evaluation is the same, and the differences merely reflect a stylistic choice on the part of state courts. Rompilla v. Horn, 355 F.3d 233, 248 (3d Cir. 2004), rev'd on other grounds sub nom., 545 U.S. 374 (2005); Werts, 228 F.3d at 202-04; Commonwealth v. Tedford, 960 A.2d 1, 12 (Pa. 2008) (citing Pierce, 527 A.2d at 975 (adopting U.S. Supreme Court's holding in Strickland )) (recognizing that both the Pennsylvania Supreme Court and the Third Circuit Court of Appeals hold that the standard for ineffective assistance of counsel under Pennsylvania law - which the state courts applied here - is the same as the Strickland standard).

## IV. Application of Legal Standards.

In its Memorandum Opinion, the Pennsylvania Superior Court outlined the elements of a claim of ineffective assistance of counsel – failure to raise a meritorious claim, lack of strategic reason, and prejudice[2] – and applied the Pierce three prong test. Mem. Op. at 4-5 (Doc. No. 11-5, pp. 26-28. The Pennsylvania Superior Court applied the correct legal standard, and that is sufficient to satisfy review under the "contrary to" clause of § 2254(d)(1). Williams, 529 U.S. at 406 ("a run-of-the mill state-court decision applying the correct legal rule from [Supreme Court] cases [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause."); Jacobs, 395 F.3d at 106; Werts, 228 F.3d at 202-04.

Thus, the only remaining questions to decide are whether the Pennsylvania Courts' adjudication of Petitioner's ineffective assistance claims was an "unreasonable application of" Strickland or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2). In conducting this analysis, the federal courts are mindful that the "state court must be granted a

---

[2] Both Strickland and Pierce require that the petitioner demonstrate a "reasonable probability" of a different outcome. The U.S. Supreme Court has counseled that a federal habeas court should not be quick to assume that the state court applied the wrong law, even if the state court was imprecise in language it used in evaluating a claim. Woodford v. Visciotti, 537 U.S. 19, 23-24 (2002) (per curiam) (finding the Court of Appeals for the Ninth Circuit's "readiness to attribute error [to the state court] is inconsistent with the presumption that state courts know and follow the law," and is "also incompatible with § 2254(d)'s 'highly deferential standard for evaluating state-court rulings,' which demands that state court decisions be given the benefit of the doubt."); see also Williams v. Beard, 637 F.3d 195, 233 n.30 (3d Cir. 2011). In Visciotti, the Supreme Court admitted that even it has stated imprecisely Strickland's prejudice standard at points in some of its decisions, and noted that the California Supreme Court's shorthand reference to the Strickland standard that was not entirely accurate "can no more be considered a repudiation of the standard than can this Court's own occasional indulgence in the same imprecision." 537 U.S. at 24 (citing Mickens v. Taylor, 535 U.S. 162, 166 (2002); Williams, 529 U.S. at 393).

13

deference and latitude that are not in operation when the case involves review under the Strickland standard itself." Harrington, 132 S.Ct. at 785.

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," [Strickland, 466 U.S.] at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, [Knowles v. Mirzayance, 556 U.S. 111, 129 S.Ct. 1411, 1420 (2009)]. The Strickland standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —, 129 S.Ct. at 1420.

Harrington, 131 S.Ct. at 788. See also Knowles, 129 S.Ct. at 1420 ("[B]ecause the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.") (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.")).

This Court finds that the Pennsylvania Superior Court's adjudication of Petitioner's ineffective assistance claims was neither an "unreasonable application of" Strickland nor did it "result[ ] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."

    1.    The PCRA Court erred in concluding trial counsel's failure to move for a judgment of acquittal on the basis that the Commonwealth did not prove that the offenses occurred on October 29, 2003, did not deprive Petitioner of the effective assistance of counsel because the underlying issue was frivolous.

The Pennsylvania Superior Court found that the Commonwealth proved beyond a reasonable doubt that the offenses occurred "on or around" October 29, 2003, as charged in the indictment, and therefore, counsel was not ineffective in failing to move for acquittal on the grounds that the evidence did not establish the offense occurred exactly on October 29, 2003.

Ms. Reese's testimony was that the incident occurred "at the end of October," which encompasses October 29th. See Real v. Shannon, 600 F.3d 302, 308 (3d Cir. 2010) (in habeas review of Pennsylvania Superior Court adjudication under section 2254(d), Third Circuit states: "Where 'on or about' language is used, the government is not required to prove the exact dates, if a date reasonably near is established.") (citations omitted).

> 2. The PCRA Court erred in concluding trial counsel's failure to impeach Rhonda Reese with a prior *crimen falsi* conviction for making false reports to law enforcement did not deprive Petitioner of the effective assistance of counsel as the prior *crimen falsi* conviction was too old to be admissible under the Pennsylvania Rules of Evidence.

The Pennsylvania Superior Court held that under Pa.R.Evid.609(b), Rhonda Reese's prior conviction of a *crimen falsi* offense was not admissible as it was more than ten years old. Commonwealth's Answer to Petition for Writ of Habeas Corpus, Appendix, Exhibit 20, (doc. no. 11-05, pp. 28-29. Although this ruling appears to be correct under Pennsylvania law, see Commonwealth v. Jackson, 585 A.2d 1001, 1003 (Pa. 1991), this Court has no authority to review the Pennsylvania Superior Court's application of the Pennsylvania Rules of Evidence. Accordingly, Petitioner is not entitled to habeas relief on this claim.

> 3. The PCRA court erred in concluding trial counsel's failure to object and request a mistrial when the Commonwealth's expert testified that "in general, children don't disclose abuse, as a general rule for several months after the abuse has occurred," did not deprive Petitioner of the effective assistance of counsel where the expert was explaining why there was no physical evidence and did not improperly bolster the child victim's credibility.
>
> 4. The PCRA court erred in concluding trial counsel's failure to object to the prosecutor impeaching a Commonwealth witness (the child victim, Angela Payne) with an alleged prior inconsistent statement that was not signed or adopted by the witness, did not deprive Petitioner of the effective assistance of counsel as there is no requirement under the Pennsylvania Rules of Evidence that prior inconsistent statements used to impeach be signed or adopted.

Petitioner's third and fourth claims also challenge the evidentiary rulings of the trial

court, which the Pennsylvania Superior Court analyzed and upheld as proper under the Pennsylvania Rules of Evidence. Its adjudication in this regard is eminently reasonable, and, in any event, provides no avenue for federal habeas corpus relief under section 2254(d).

## V. Conclusion.

For all of the foregoing reasons, the Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (doc. no. 1) will be denied by separate order of Court.

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c) (2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). This Court has held that habeas relief is not available because "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Harrington, 131 S.Ct. at 786-87. Consequently, the Court declines to issue a certificate of appealability because petitioner has failed to make a substantial showing of the denial of a constitutional right.

For the foregoing reasons, Payne's section 2254 petition is dismissed. The Court also finds no basis for the issuance of a certificate of appealability. An appropriate order will follow.

s/ Arthur J. Schwab  
United States District Judge