IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT PAYNE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-1676 |
| | ) | |
| KEN CAMERON, THE ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| PENNSYLVANIA, and THE DISTRICT | ) | |
| ATTORNEY OF THE COUNTY OF | ) | |
| ALLEGHENY, | ) | |
| | | |
| Respondents. | | |

**MEMORANDUM AND ORDER OF COURT**
**DENYING PETITIONER'S RULE 60(b)(1) MOTION (DOC. NO. 21) SEEKING RELIEF**
**FROM THE JUDGMENT DENYING PETITIONER'S § 2254 PETITION (DOC. NO. 20)**

*Pro se* Petitioner, Robert Payne, timely filed the instant Motion (doc. no. 21) seeking

relief from the December 14, 2011, Judgment of this Court which denied his Petition for Writ of

Habeas Corpus Under 28 U.S.C. § 2254.  Doc. no. 20.

For the reasons set forth below, this Court will deny the Petitioner's Motion.

**I.  Background**

Petitioner previously filed a timely *pro se* Petition Under 28 U.S.C. § 2254 for Writ of

Habeas Corpus by a Person in State Custody (doc. no. 1) (hereinafter "2254 Petition") seeking

relief from a 2006 conviction and sentence of 16 to 40 years, in the aggregate, on related charges

of rape of a child, involuntary deviate sexual intercourse, indecent assault and statutory sexual

assault following a jury trial in the Court of Common Pleas of Allegheny County, Pennsylvania.

For the reasons explained in detail in this Court's prior Opinion, the Petitioner's 2254 Petition

was denied by way of Court Order.  See doc. nos. 19 and 20.

The Petitioner now seeks relief from this Court's Order denying his 2254 Petition and has filed the instant Rule 60(b)(1) Motion.  See doc. no. 21.  His Rule 60 Motion request suggests that this Court should vacate its prior Order (doc. no 20) denying his 2254 Petition, claiming this Court failed to address his sufficiency of evidence argument. His Rule 60 Motion also seems to suggest that the AEDPA did not apply to his case and this Court should have conducted a *de novo* review.

## II.  Standard of Review

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby,* 545 U.S. 524, 529 (2005). Rule 60(b) applies in § 2254 habeas proceedings only "to the extent that [it is] not inconsistent with" applicable federal statutes and rules. *Id*.

Rule 60(b) provides that on motion and just terms, the Court may relieve a party or its legal representative from a final judgment for several reasons including: (1) mistake, (2) inadvertence, (3) surprise, or (4) excusable neglect.  *FROF, Inc. v. Stuart C. Harris and Roger Maggio*, 695 F.Supp. 827, 830 (E.D.  Pa. 1988).

## III. Discussion

Petitioner's first assertion under Rule 60(b)(1) – that this Court made a mistake or inadvertently failed to address his "sufficiency of evidence" argument – is erroneous.  See doc. no. 19 wherein this Court explained, in part:

> [F]ederal law requires this Court to defer to a state court's application of its own rules of evidence. *Estelle*, 502 U.S. at 67-68 (federal court on habeas review must not review state court rulings on admissibility of evidence under state law); . . . The admission or exclusion of evidence is within the sound discretion of the trial court, *Scales v. United States*, 367 U.S. 203, 256 (1961), and such "discretionary rulings regarding the

admissibility of evidence are . . . best left to the province of the trial
judge." *Yohn v. Love*, 76 F.3d 508, 525 (3d Cir. 1996).

Doc. no. 19, p. 6-7, et. seq.  Accordingly, this matter is closed, and will not be revisited by this

Court.  See, *Pridgen v. Shannon,* 380 F.3d 721, 727 (3d Cir. 2004) (when habeas petitioner's

motion for relief from judgment seeks to relitigate issues that district court already considered

and rejected in dismissing habeas petition, they may be rejected).

As to Petitioner's second issue and as further noted in this Court's lengthy Opinion (doc.

no. 19), this Court addressed his AEDPA matter.  See doc. no. 19, p. 3-5, wherein it is noted that

each of the arguments raised in his 2254 Petition had previously been raised and adjudicated

before the Commonwealth of Pennsylvania.

## IV.  Conclusion

Based on the foregoing, this Court will deny the Petitioner's Rule 60 Motion.

## ORDER OF COURT

AND NOW, this 20th day of January, 2012, it is hereby ORDERED, ADJUDGED, and

DECREED that Petitioner's Rule 60(b)(1) Motion (doc. no. 21) is hereby DENIED.  No

certificate of appealability shall issue.

s/ Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties

Robert Payne
#GV-6258
SCI_-Cresson
Drawer A, Old Route 22
Cresson, PA 16699-0001