IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT PAYNE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 10-1676 |
| ) | |
| KEN CAMERON, THE ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| PENNSYLVANIA, and THE DISTRICT ) | |
| ATTORNEY OF THE COUNTY OF ) | |
| ALLEGHENY, ) | |
| | |
| Respondents. | |

**MEMORANDUM AND ORDER OF COURT
DENYING PETITIONER'S SECOND  RULE 60(b) MOTION (DOC. NO. 27)
SEEKING RELIEF FROM THE JUDGMENT DENYING PETITIONER'S § 2254
PETITION (DOC. NO. 20)**

*Pro se* Petitioner, Robert Payne, filed the instant Motion (doc. no. 27) seeking relief from the Judgment of this Court, dated  December 14, 2011, which denied his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  Doc. no. 20.   The Petitioner previously filed a timely Motion pursuant to Fed. R. Crim. P. 60 ("Rule 60 Motion") (doc. no. 21), which this Court denied on January 20, 2012.  See doc. no. 22.

For the reasons set forth below, this Court again will deny the Petitioner's Rule 60 Motion.

**I. Background**

The history of this case was set forth in the Court's prior Memorandum and Order denying Petitioner's Rule 60 Motion (doc. no. 22) and shall be reiterated here:

Petitioner previously filed a timely *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (doc. no. 1) (hereinafter "§ 2254 Petition"), seeking relief from a 2006 conviction and sentence of 16 to 40 years, in the aggregate, on related charges of rape of a child, involuntary deviate sexual intercourse, indecent assault and statutory sexual assault following a jury trial in the Court of Common Pleas of Allegheny County, Pennsylvania. For the reasons explained in detail in this Court's prior Opinion, the Petitioner's Section 2254 Petition was denied by way of Court Order on December 14, 2011. See doc. nos. 19 and 20.

The Petitioner sought relief from this Court's Order denying his Section 2254 Petition and timely filed a Rule 60(b) Motion on January 6, 2012. See doc. no. 21. His Rule 60 Motion requested that this Court vacate its prior Order (doc. no 20) denying his Section 2254 Petition, and claimed this Court failed to address his sufficiency of evidence argument. His Rule 60 Motion also seems to suggest that the AEDPA did not apply to his case and this Court should have conducted a *de novo* review.

In denying his first Rule 60 Motion, this Court explained that the Petitioner's Motion sought to relitigate and/or revisit issues previously decided by this Court in ruling on the Peitioner's Section 2254 Petition. The law permits a Court to reject a petitioner's Rule 60 Motion for relief from judgment when that Motion seeks to relitigate issues that district court already considered and rejected when dismissing habeas petition. See *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

Following this determination by the Court, Petitioner sought to obtain a certificate of appealability from the United States Court of Appeals for the Third Circuit. See doc. nos. 23-24. On June 25, 2012, the Court of Appeals denied the Petitioner's request for a Certificate of Appealability.

On September 25, 2012, the Petitioner filed this second Rule 60 Motion, this time asking this Court to vacate its December 14, 2011, Order denying his Section 2254 Petition (doc. no 20) because the Commonwealth of Pennsylvania failed to prove "every element" of the crimes of (1) aggravated assault and (2) involuntary deviate sexual intercourse.  This second Rule 60 Motion shall likewise be denied for the reasons set forth below.

## II.  Standard of Review

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby,* 545 U.S. 524, 529 (2005). Rule 60(b) applies in Section 2254 habeas proceedings only "to the extent that [it is] not inconsistent with" applicable federal statutes and rules.  *Id*.

Rule 60(b) provides that on motion and just terms, the Court may relieve a party or its legal representative from a final judgment for several reasons including: (1) mistake, (2) inadvertence, (3) surprise, or (4) excusable neglect.  *FROF, Inc. v. Stuart C. Harris and Roger Maggio*, 695 F.Supp. 827, 830 (E.D. Pa. 1988).

## III. Discussion

Petitioner claims that the Commonwealth failed to prove the element of penetration with respect to the crimes charged.  In his second Rule 60 Motion (doc. no. 27), Petitioner states that he raised this claim coincidentally with his claim as to the timing of the events at issue in the underlying case.

First, this Court more than adequately addressed the specific issues raised by the Petitioner as to the timing of the events. See doc. no. 20, pp. 14-15.  This Court will not reiterate its findings related to the timing issue previously raised by the Petitioner.

Second, this Court does not agree that the Petitioner's prior habeas petition (doc. no. 1) seeks redress on the alleged failure by the Commonwealth to prove an element of penetration with respect to one or more of the crimes charged. The petition only seeks redress from this Court for the purported violation of the Petitioner's Sixth Amendment Rights for "failure to request a judgment of acquittal when the prosecution did not prove the offense occurred on October 29, 2003." Accordingly, to the extent that the "penetration issue" was not specifically raised by the Petitioner in his Section 2254 Petition, it is not properly raised for the first time before this Court in a Rule 60 Motion.

However, in his brief in support of his Section 2254 Petition, the Petitioner indicated that he was denied his Sixth Amendment Right to Counsel when trial counsel failed to request a judgment of acquittal on the basis that the Commonwealth did not prove the offense occurred on Wednesday, October 29, 2003 and the <u>evidence was insufficient to support the conviction for aggravated indecent assault and involuntary deviate sexual intercourse</u>." Doc. no. 4, p. 4 (emphasis added.)

Despite this statement in the heading of the Brief in Support of his Section 2254 Petition, the Petitioner, in the body of his argument, stated that during the trial one of the minor victims testified that Petitioner "touched the inside of her vagina with his penis at least three times but she did not remember in detail the times that it happened." Doc. no. 4, p. 6. In the remainder of this section of the Brief, the Petitioner essentially argues that this evidence was insufficient to prove that the Petitioner engaged the crimes on the dates charged in the indictment. Thus, in his Section 2254 Petition, the Petitioner was not arguing that there was no evidence of penetration (in fact, his brief sets forth evidence supporting the contrary assertion), his brief was suggesting that there was no evidence of penetration during the time set forth in the indictment.

Accordingly, this argument essentially relates back to the timing of the offense, and specifically the element of penetration, which relates to the sufficiency of evidence. This Court has repeatedly explained that this Court must defer to a state court's application of its own rules of evidence. See doc. no. 19, pp. 6-7 and doc no. 22, pp. 2-3. Accordingly, the Court finds that this matter is closed, and will not be revisited by this Court. See *Pridgen v. Shannon,* 380 F.3d 721, 727 (3d Cir. 2004) (when habeas petitioner's motion for relief from judgment seeks to relitigate issues that district court already considered and rejected in dismissing habeas petition, they may be rejected).

### IV. Conclusion

Based on the foregoing, this Court will deny the Petitioner's second Rule 60 Motion. Doc. no. 27.

### ORDER OF COURT

AND NOW, this 17th day of October, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Petitioner's Rule 60(b) Motion (doc. no. 27) is hereby DENIED. No certificate of appealability shall issue.

          s/ Arthur J. Schwab
          Arthur J. Schwab
          United States District Judge

cc:    All Registered ECF Counsel and Parties

Robert Payne
#GV-6258
SCI-Cresson
Drawer A, Old Route 22
Cresson, PA 16699-0001